# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

    v.                                                                                Case No. 05-CR-213

**DONTE DAVIS**
    **Defendant.**

## ORDER

In June of 2006, I sentenced defendant Donte Davis to 57 months in prison followed by three years of supervised release on his guilty plea to conspiracy to distribute more than 500 grams of cocaine. I later reduced the prison term to 46 months under 18 U.S.C. § 3582(c)(2), and defendant was released in August 2009.

On December 19, 2011, defendant filed a letter-request for early termination of supervised release. I directed the government to respond, and it filed an opposition to the request on January 13, 2012. I permitted defendant until February 1, 2012, to file a reply, but he has not done so. The matter is therefore ready for decision.

**I.**

Pursuant to 18 U.S.C. § 3583(e)(1), the district court may grant early termination of supervised release if: (1) the defendant has served at least one year of supervision; (2) the government is given notice and an opportunity to be heard; and (3) termination is in the interest of justice based on the defendant's conduct and the pertinent sentencing factors under 18 U.S.C. § 3553(a). See United States v. Medina, 17 F. Supp. 2d 245, 245-46 (S.D.N.Y. 1998); see also United States v. Lowe, 632 F.3d 996, 998-99 (7th Cir. 2011). Defendant Davis has served more than one year, and the government has been afforded

a chance to respond. The issue is therefore whether termination would be in the interest of justice.

The district court possesses wide discretion in making this determination. See United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006). However, courts have generally held that the conduct of the defendant sufficient to warrant early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination. Instead, courts have generally granted early termination only in cases involving new or unforeseen circumstances, or where the defendant's behavior has been exceptionally good. See, e.g., United States v. Kay, 283 Fed. Appx. 944, 946-47 (3d Cir. 2008); United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997); United States v. Gross, No. CR 05-0717, 2012 WL 259923, at *1-2 (E.D.N.Y. Jan. 27, 2012 ); Folks v. United States, 733 F. Supp. 2d 649, 651-52 (M.D.N.C. 2010); Medina, 17 F. Supp. 2d at 246-47. As the party seeking the benefit of early termination, defendant bears the burden of demonstrating that such action is warranted. See United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006) (citing United States v. Weintraub, 371 F. Supp. 2d 164, 167 (D. Conn. 2005); United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)).

**II.**

In his letter-request, defendant indicates that during his time on supervision, he has complied with every request made of him, completed suggested classes, and maintained employment. While commendable, I cannot conclude that defendant's conduct rises to the level necessary to justify early termination. The court expects individuals on supervised release to work and follow the rules. See, e.g., United States v. Hicks, No. 05-cr-40023, 2009 WL 1515203, at *1 (S.D. Ill. June 1, 2009).

The pertinent § 3553(a) factors also support continued supervision. While the instant offense represented defendant's first criminal conviction, at the time of his original sentencing he lacked a verifiable employment history, apparently supporting himself either by dealing or relying on his family, with a history of abusing alcohol and marijuana. Defendant appears to have made strides in addressing his employment and substance abuse issues, but continued supervision is warranted to ensure that he stays on the right track.

**III.**

**THEREFORE, IT IS ORDERED** that defendant's request (R. 281) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 14th day of February, 2012.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge