# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
    **Plaintiff,**

    v.                                               Case No. 05-CR-213

**PATRICK ALEXANDER**
    **Defendant.**

---

## DECISION AND ORDER

In February of 2006, I sentenced defendant Patrick Alexander to 84 months in prison followed by four years of supervised release on his guilty plea to conspiracy to distribute more than 5 grams of crack cocaine. I later reduced the prison term to 68 months under 18 U.S.C. § 3582(c)(2), and defendant was released in February of 2010.

On January 24, 2012, defendant filed a letter requesting early termination of supervised release. I directed the government to respond, and it filed an opposition to the request on February 9, 2012. I permitted defendant until February 28, 2012, to file a reply, but he has not done so.

The district court may grant early termination of supervised release if: (1) the defendant has served at least one year of supervision; (2) the government is given notice and an opportunity to be heard; and (3) termination is in the interest of justice based on the defendant's conduct and the pertinent sentencing factors under 18 U.S.C. § 3553(a). See 18 U.S.C. § 3583(e)(1); United States v. Medina, 17 F. Supp. 2d 245, 245-46 (S.D.N.Y. 1998); see also United States v. Lowe, 632 F.3d 996, 998-99 (7th Cir. 2011). The first and second factors are satisfied in the present case.

The district court possesses wide discretion in determining whether the interests of justice would be served by terminating supervision early. See United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006). However, courts have generally held that the conduct of the defendant necessary to warrant such action should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination. Instead, courts have generally granted early termination only in cases involving some new or unforeseen circumstance, exceptionally good behavior, or where supervision impedes rehabilitation. See, e.g., United States v. Kay, 283 Fed. Appx. 944, 946-47 (3d Cir. 2008); United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997); Folks v. United States, 733 F. Supp. 2d 649, 651-52 (M.D.N.C. 2010); Medina, 17 F. Supp. 2d at 246-47. The defendant bears the burden of demonstrating that early termination is justified. See United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006) (citing United States v. Weintraub, 371 F. Supp. 2d 164, 167 (D. Conn. 2005); United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)).

In his letter-request, defendant indicates that while in prison he worked to improve himself, completing drug treatment, earning his GED, and completing other classes. On release he obtained a job with a moving company but lost it after suffering a back injury; he then obtained work through his sister's cleaning business. His drug screens have been negative.

However, defendant does concede one serious violation. As indicated in a petition filed with the court by the supervising probation officer, on March 13, 2011, Milwaukee police officers conducted a traffic stop of a vehicle in which defendant was a passenger. Officers smelled a strong odor of marijuana inside the vehicle, and a subsequent search turned up bags of cocaine, crack cocaine, and a marijuana blunt. Officers also found

2

$3860 on defendant's person, separated in three stacks by small black rubber bands. The driver of the vehicle was identified as a convicted felon. The state ultimately declined to process charges against defendant, but I imposed 60 days of location monitoring as a sanction. In his letter-request, defendant indicates that he is now very careful of the people with whom he associates.

Under the circumstances, I cannot conclude that termination would be in the interest of justice. While defendant has generally complied, he has not demonstrated exceptionally good behavior, particularly given the incident discussed above. Continued supervision is necessary to protect the public, deter defendant from future violations, and provide for his correctional treatment needs. Defendant makes no attempt to demonstrate any other basis for early termination.

**THEREFORE, IT IS ORDERED** that defendant's request (R. 289) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of March, 2012.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

3