# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
    Plaintiff,

  v.                                                             Case No. 05-CR-213

**PATRICK ALEXANDER**
    Defendant.

---

## DECISION AND ORDER

On February 17, 2006, I sentenced defendant Patrick Alexander to 84 months in prison followed by four years of supervised release on his guilty plea to conspiracy to distribute crack cocaine. I later reduced the prison term to 68 months under 18 U.S.C. § 3582(c)(2), and the Bureau of Prisons released defendant to supervision on February 5, 2010.

On May 7, 2011, I granted the petition of the United States Probation Office to modify defendant's conditions to include 60 days of location monitoring following his March 13, 2011 arrest by the Milwaukee Police Department. Officers conducted a traffic stop of the vehicle in which defendant was riding, smelling a strong odor of marijuana. Officers searched the vehicle, locating various controlled substances, and defendant was found to be in possession of $3860 separated in three stacks by small black rubber bands. The driver of the vehicle was a convicted felon, contrary to defendant's condition that he avoid contact with felons. Defendant spent several days in state custody but was not formally charged. Rather than seeking revocation, the probation office, with the government's concurrence, recommended the above modification.

On January 24, 2012, defendant filed a letter requesting early termination of supervised release. The government responded in opposition, and I permitted defendant to file a reply but he failed to do so. On March 16, 2012, I denied the request.

On October 22, 2012, defendant filed another letter request for early termination, in which he largely reiterated the information set forth in the previous request – that while incarcerated he completed drug treatment and classes; that after release he worked as a mover for two years until he hurt his back; and that he thereafter sought other employment but failed to find a job. He further noted that he had avoided new charges and his only violation related to the March 2011 arrest leading to the 60 day sanction.

I directed the government to respond, and it filed an opposition on November 21, 2012. I granted defendant until December 7, 2012 to reply, but he has again failed to do so. I again deny his request.

The district court may terminate supervised release early if the defendant has completed at least one year of supervision, the government is given notice and an opportunity to be heard, and termination is in the interest of justice based on the defendant's conduct and the pertinent sentencing factors under 18 U.S.C. § 3553(a). United States v. White, No. 06-CR-50, 2012 WL 5198364, at *2 (E.D. Wis. Oct. 19, 2012) (citing 18 U.S.C. § 3583(e)(1); United States v. Medina, 17 F. Supp. 2d 245, 245-46 (S.D.N.Y. 1998)). Defendant has completed more than one year, and the government has been noticed and responded. However, I cannot conclude that termination would be in the interest of justice.

District courts possess wide discretion in making this determination, United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006), but have generally concluded that the conduct of the defendant needed to justify early termination should include more than simply

2

following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination. Instead, courts have generally granted early termination only in cases involving some new or unforeseen circumstance, which may include exceptionally good behavior. United States v. O'Hara, No. 00-CR-170, 2011 WL 4356322, at *3 (E.D. Wis. Sept. 16, 2011) (collecting cases). The defendant bears the burden of demonstrating that early termination is justified. See United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

Defendant fails to meet that burden. He has not demonstrated exceptionally good behavior, particularly in light of the above violation, or any other new or unforeseen circumstance. The court expects those on supervision to avoid new violations of the law, abstain from drug use, and seek legitimate employment. Defendant indicates that a job offer was retracted because he is on supervised release, but I cannot conclude that this justifies early termination. Limited employment opportunities often flow from a federal conviction and sentence. Moreover, continued supervision is necessary to protect the public and deter defendant from further violations of the law, 18 U.S.C. § 3553(a)(2)(B) & (C), and to ensure that he avoids improper associations and remains drug-free, 18 U.S.C. § 3553(a)(1) & (a)(2)(D).

**THEREFORE, IT IS ORDERED** that defendant's request (R. 319) is **DENIED**. Defendant is advised that any further requests for early termination will be denied summarily unless he makes a serious effort to satisfy the applicable standards under § 3583(e)(1).

Dated at Milwaukee, Wisconsin, this 20th day of December, 2012.
/s Lynn Adelman

_____
LYNN ADELMAN
District Judge